IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Ronald I. Paul, | ) | C/A No. 3:16-1727-CMC-PJG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| South Carolina Department of Transportations; | ) | |
| Paul D. de Holczer, *individually and as a* | ) | |
| *partner of the law Firm of Moses, Koon &* | ) | |
| *Brackett, PC*; Michael H. Quinn, *individually* | ) | |
| *and as senior lawyer of Quinn Law Firm, LLC*; | ) | |
| Oscar K. Rucker, *in his individual capacity as* | ) | |
| *Director, Rights of Way South Carolina* | ) | |
| *Department of Transportation*;  Macie M. | ) | |
| Gresham, *in her individual capacity as Eastern* | ) | |
| *Region Right of Way Program Manager, South* | ) | |
| *Carolina Department of Transportation*; | ) | |
| Natalie J. Moore, *in her individual capacity as* | ) | |
| *Assistant Chief Counsel, South Carolina* | ) | |
| *Department of Transportation*;  J. Charles | ) | |
| Ormond, Jr., *individually and as partner of the* | ) | |
| *Law Firm of Holler, Dennis, Corbett, Ormond,* | ) | |
| *Plante & Garner*, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

The plaintiff, Ronald I. Paul, a self-represented litigant, brings this action alleging a violation

of his civil rights.  This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil

Rule 73.02(B)(2) (D.S.C.).  Having reviewed the Complaint in accordance with applicable law, the

court concludes that it should be summarily dismissed without prejudice and without issuance and

service of process.

## I.    Factual and Procedural History

Plaintiff's claims arise out of the 2002 condemnation of land that he was renting and subsequent litigation.  Plaintiff has previously filed four civil actions alleging nearly identical claims against the defendants named in this case, who are attorneys (Paul D. de Holczer, Michael H. Quinn, J. Charles Ormond, Jr.), employees of the South Carolina Department of Transportation (Oscar K. Rucker, Macie M. Gresham, Natalie J. Moore) involved in the condemnation litigation, and the Department itself.[1]  See Paul v. de Holczer, C/A No. 3:15-2178-CMC-PJG, 2015 WL 4545974 (D.S.C. July 28, 2015) (adopting and incorporating Report and Recommendation for summary dismissal of Plaintiff's claims without prejudice) ("Paul IV"), aff'd, 631 F. App'x 197 (4th Cir. 2016); Paul v. S.C. Dep't of Transp., C/A No. 3:13-1852-CMC-PJG, 2014 WL 5025815 (D.S.C. Oct. 8, 2014) (adopting and incorporating Supplemental Report and Recommendation for summary dismissal of Plaintiff's claims without prejudice) ("Paul III"), aff'd, 599 F. App'x 108 (4th Cir. 2015); Paul v. S.C. Dep't of Transp., C/A No. 3:13-367-CMC-PJG, 2013 WL 2180736 (D.S.C. May 20, 2013) (adopting and incorporating Report and Recommendation for summary dismissal of Plaintiff's claims without prejudice) ("Paul II"); Paul v. S.C. Dep't of Transp., C/A No. 3:12-1036-CMC-PJG, 2013 WL 461349 (D.S.C. Feb. 6, 2013) (adopting Report and Recommendation and granting the defendants' motion to dismiss Plaintiff's claims) ("Paul I").

As in Plaintiff's previous four cases, the instant Complaint alleges Plaintiff:  (1) was evicted from his rental property without payment of just compensation in violation of the Takings Clause of the Fifth Amendment; (2) was deprived of his constitutional right to due process because state

---

[1] A court may take judicial notice of its own records.  Colonial Penn Ins. Co. v. Coil, 887 F.2d 1236, 1239 (4th Cir.1989).



officials and private individuals failed to follow statutorily established and controlled procedural guidelines; and (3) was deprived of his federal and state rights to trial by jury and to have expert witnesses testify in his behalf. (ECF No. 1 at 55-68.) Plaintiff, an African-American, again alleges that the defendants conspired to deprive Plaintiff of the equal protection of the law because white owners in the condemnation project received large payments for their property and he received no payment. (Id. at 58-60.) Plaintiff also again alleges that the defendants conspired to deprive Plaintiff of payment for his property by lying to a state court judge that Plaintiff already received just compensation for his property. (Id. at 36-37, 59.) Plaintiff seeks declaratory judgments and asks this court to award actual, consequential, special, and punitive damages, fees and expenses. (Id. at 63-64.)

## II.     Discussion

### A.     Standard of Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint. This court is required to liberally construe *pro se* complaints. Erickson v. Pardus, 551 U.S. 89, 94 (2007). Such *pro se* complaints are held to a less stringent standard than those drafted by attorneys, id.; Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. Erickson, 551 U.S. at 93 (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56 (2007)).



Nonetheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990); see also Ashcroft v. Iqbal, 556 U.S. 662, 684 (2009) (outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions"). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so; however, a district court may not rewrite a complaint to include claims that were never presented, Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999), construct the plaintiff's legal arguments for him, Small v. Endicott, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

Moreover, even when the filing fee is paid, the court possesses the inherent authority to ensure that a plaintiff has standing, that federal jurisdiction exists, and that a case is not frivolous. See Mallard v. United States Dist. Court, 490 U.S. 296, 307-08 (1989) ("Section 1915(d) . . . authorizes courts to dismiss a 'frivolous or malicious' action, but there is little doubt they would have power to do so even in the absence of this statutory provision.").

### B. Analysis

To prevail on any claim pursuant to § 1983, a plaintiff must show: (1) that he was injured; (2) by the deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States; (3) by a person acting under color of state law. See 42 U.S.C. § 1983; see also West v. Atkins, 487 U.S. 42, 48 (1988). "To establish a conspiracy under [42 U.S.C.] § 1983, [a plaintiff] must present evidence that the [defendants] acted jointly in concert and that some overt act



was done in furtherance of the conspiracy, which resulted in [the] deprivation of a constitutional right." Glassman v. Arlington Cty., 628 F.3d 140, 150 (4th Cir. 2010) (alterations in original) (quoting Hinkle v. City of Clarksburg, 81 F.3d 416, 421 (4th Cir. 1996). The plaintiff "must come forward with specific circumstantial evidence that each member of the alleged conspiracy shared the same conspiratorial objective." Hinkle, 81 F.3d at 421. His factual allegations must reasonably lead to the inference that the defendants came to a mutual understanding to try to "accomplish a common and unlawful plan," and must amount to more than "rank speculation and conjecture," especially when the actions are capable of innocent interpretation. Id. at 421-22. In addition, the United States Supreme Court has held that, to establish a federal conspiracy claim under 42 U.S.C. § 1985, a plaintiff must show that the alleged conspiracy is motivated by "some racial, or perhaps otherwise class-based invidiously discriminatory animus." Griffin v. Breckenridge, 403 U.S. 88, 102 (1971); see also Trerice v. Summons, 755 F.2d 1081, 1085 (4th Cir. 1985.) Under both § 1983 and § 1985, an alleged conspiracy must be pled and proved by concrete facts, not mere conclusory allegations. See Simmons v. Poe, 47 F.3d 1370, 1376-77 (4th Cir. 1995).

The instant Complaint provides, almost verbatim, the same factual allegations presented in Plaintiff's Complaint in Paul IV.[2] As in Plaintiff's previous cases, the facts presented in the instant Complaint fail to plausibly claim a conspiracy by the defendants to deprive Plaintiff of any constitutional right, and instead reflect only the defendants' participation in a condemnation action and resulting legal action. The court "need not accept the [plaintiff's] legal conclusions drawn from

---

[2] Plaintiff includes the following new paragraphs to this Complaint: ECF No. 1 at 39, ¶ 102; id. at 50, ¶¶ 143-45; id. at 55, ¶ 167. Plaintiff also reorganizes the causes of action and accompanying allegations in the Complaint, but without any apparent legally relevant distinctions from his other cases.



the facts," nor need it "accept as true unwarranted inferences, unreasonable conclusions, or arguments." <u>Kloth v. Microsoft Corp.</u>, 444 F.3d 312, 319 (4th Cir. 2006); <u>see</u> <u>also</u> <u>Walker v. Prince George's Cty.</u>, 575 F.3d 426, 431 (4th Cir. 2009). As Plaintiff has again failed to demonstrate that the defendants conspired to violate his right to due process under the Fourteenth Amendment, or conspired to deprive Plaintiff of property in violation of the Fifth Amendment, such claims should be summarily dismissed.

Moreover, Plaintiff also fails to adequately allege facts showing that the defendants have deprived him of equal protection of the law. A plaintiff alleging a violation of the Equal Protection Clause of the Fourteenth Amendment "must first demonstrate that he has been treated differently from others with whom he is similarly situated and that the unequal treatment was the result of intentional or purposeful discrimination." <u>Morrison v. Garraghty</u>, 239 F.3d 648, 654 (4th Cir. 2001). However, Plaintiff's Complaint alleges that he leased, but did not own, the property subject to the disputed condemnation proceedings. (ECF No. 1 at 8.) Thus, despite Plaintiff's addition of race as a motivating factor in his alleged disparate treatment by the defendants, the instant Complaint still fails to demonstrate that the defendants treated Plaintiff differently from other *similarly situated* individuals.[3] Thus, Plaintiff's equal protection claim has no merit and should be summarily dismissed.

This is now the fifth time Plaintiff has filed essentially the same claims against the defendants named in this case, and "repetitious litigation of virtually identical causes of action" may be dismissed under 28 U.S.C. § 1915 as frivolous or malicious. <u>See</u> <u>Bailey v. Johnson</u>, 846 F.2d 1019,

---

[3] In <u>Paul I</u> and <u>Paul II</u>, Plaintiff admitted that he was awarded $2,450 for his leasehold interest in the property in state court. <u>See</u> C/A No. 2002-CP-40-4800. This contradicts Paul's current allegation that he was not compensated for the condemnation. (ECF No. 1 at 58-60.)



1021 (5th Cir. 1988) (citation omitted); Cottle v. Bell, No. 00-6367, 2000 WL 1144623, at *1 (4th Cir. Aug. 14, 2000) (holding that "district courts are not required to entertain duplicative or redundant lawsuits"). The court notes that Plaintiff is not a prisoner and is not proceeding *in forma pauperis* in this case; therefore, "the provisions of 28 U.S.C. §§ 1915(e)(2), 1915A (2006), permitting *sua sponte* dismissal of complaints which fail to state a claim are inapplicable." Ross v. Baron, 493 F. App'x 405, 406 (4th Cir. 2012). However, the court has the inherent authority to dismiss a fee-paid case if it is deemed frivolous. See Mallard, 490 U.S. at 307-08; see also Chong Su Yi v. Soc. Sec. Admin. 554 F. App'x 247, 248 (4th Cir. 2014) (affirming *sua sponte* dismissal of frivolous claims in a fee-paid *pro se* case pursuant to the inherent authority of the court); Stanfield v. Wigger, C/A No. 2:14-839-PMD, 2015 WL 58077, at *3 (D.S.C. Jan. 5, 2015) (adopting Report and Recommendation for summary dismissal of a fee-paid case filed by a *pro se* litigant) (collecting cases). Therefore, in the interest of judicial economy and efficiency, the instant Complaint should be summarily dismissed as a frivolous duplicate filing. See Aloe Creme Labs., Inc. v. Francine Co., 425 F.2d 1295, 1296 (5th Cir. 1970) (holding that the court "clearly had the right to take notice of its own files and records and it had no duty to grind the same corn a second time").

### C.    Notice to Plaintiff

As indicated above, Plaintiff has a history of filing frivolous and repetitive claims which have been summarily dismissed by this court. Federal courts have the authority to issue pre-filing injunctions against such litigants. See Cromer v. Kraft Foods N. Am., Inc., 390 F.3d 812, 817 (4th Cir. 2004). However, courts "should not in any way limit a litigant's access to the courts absent exigent circumstances, such as a litigant's continuous abuse of the judicial process by filing meritless and repetitive actions." Id. at 817-18 (internal quotation marks and citation omitted). Further, a

Page 7 of 10



district court may not impose an order of pre-filing review *sua sponte*. See Pardo v. Fed. Corr. Inst.-Petersburg, No. 94-6035, 1994 WL 95888, at *2 (4th Cir. Mar. 23, 1994) (litigant must be notified and given an opportunity to object to imposition of order of pre-filing injunction). In deciding whether to issue a pre-filing injunction, a court must consider the following factors: "(1) the party's history of litigation, in particular whether he has filed vexatious, harassing, or duplicative lawsuits; (2) whether the party had a good faith basis for pursuing the litigation, or simply intended to harass; (3) the extent of the burden on the courts and other parties resulting from the party's filings; and (4) the adequacy of alternative sanctions." Cromer, 390 F.3d at 818 (citation omitted).

*Plaintiff is hereby warned* that his fifth frivolous Complaint against these defendants warrants the imposition of a pre-filing injunction that bars Plaintiff from filing suit in this court against the defendants named in this case for actions taken in relation to the condemnation of the property that Plaintiff formerly leased on 2115 Two Notch Road. The court finds that this narrow limitation on Plaintiff's access to this court is appropriate where, as here, the litigant has continually abused the judicial process by filing meritless and repetitive actions. See Cromer, 390 F.3d at 817-18. As detailed above, Plaintiff has filed five nearly identical complaints in this court against these defendants, which have all been dismissed. Plaintiff's first case resulted in the court granting the defendants' motion to dismiss, while the other cases resulted in summary dismissal of the Plaintiff's claims. Because of the summary nature of Plaintiff's previous dismissals, he should be aware that filing a nearly duplicative lawsuit with no substantive or legally relevant distinctions is frivolous, vexatious, and without good faith. Plaintiff's repetitive filing of duplicative lawsuits is a burden on the court's resources, as each duplicative filing requires the court to conduct an initial review of his

filing, issue a report and recommendation from the magistrate judge, and issue a separate order from the district judge.

The court also finds by limiting a pre-filing injunction against the Plaintiff to bar only cases filed against these defendants concerning the condemnation action over his leasehold property, Plaintiff's access to the courts will be limited only to the least extent necessary to protect the defendants from harassment and free the court from the burdens imposed by Plaintiff's duplicative litigation. Based on the above analysis, the court recommends that an injunction be issued against the Plaintiff that prevents Plaintiff from filing suit in this district against the defendants named in this Complaint relating to the allegations and causes of action raised in this Complaint and his four previous lawsuits against the defendants. This recommendation constitutes notice to the Plaintiff that a pre-filing injunction may be issued against him, and he may file objections to this recommendation with the presiding district judge. See Pardo, 1994 WL 95888, at *2.

### III.    Conclusion and Recommendation

Accordingly, the court recommends that the Complaint be dismissed without prejudice and without issuance and service of process. The court further recommends that a pre-filing injunction be issued which prohibits Plaintiff from filing a lawsuit against the defendants named in this Complaint relating to the allegations and causes of action raised in this Complaint and his four previous lawsuits against the defendants.

September 13, 2016                               Paige J. Gossett
Columbia, South Carolina                    UNITED STATES MAGISTRATE JUDGE

*The parties are directed to note the important information in the attached*
*"Notice of Right to File Objections to Report and Recommendation."*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.' "  Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).