IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| RONALD I. PAUL,<br><br>               Plaintiff,<br><br>vs.<br><br>SOUTH CAROLINA DEPARTMENT OF TRANSPORTATIONS; PAUL D. DE HOLCZER, individually and as a partner of the law firm of Moses, Koon & Brackett, PC; MICHAEL H. QUINN, individually and as a senior lawyer of Quinn Law Firm, LLC,; J. CHARLES ORMOND, JR., individually and as a partner of the Law Firm of Holler, Dennis, Corbett, Ormond, Plante & Garner; OSCAR K. RUCKER, in his individual capacity as Director, Rights of Way South Carolina Department of Transportation; MACIE M. GRESHAM, in her individual capacity as Eastern Region Right of Way Program Manager South Carolina Department of Transportation; NATALIE J. MOORE, in her individual capacity as Assistant Chief Counsel, South Carolina Department of Transportation,<br><br>               Defendants. | Civil Action No. 3:16-cv-1727-CMC<br><br>**OPINION AND ORDER** |

This matter is before the court on Plaintiff's *pro se* complaint, requesting declaratory judgment and money damages based on his claims of civil conspiracy, denial of due process, denial of equal protection, and inverse condemnation against the above captioned defendants (collectively, "Defendants"). ECF No. 1.

In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (B)(2)(e), DSC, this matter was referred to United States Magistrate Paige J. Gossett for pre-trial proceedings.  On September 13, 2016, the Magistrate Judge issued a Report and Recommendation ("Report").  ECF No. 10.  The Report recommends summary dismissal of Plaintiff's Complaint because the instant Complaint, providing the same factual allegations as his previous four, fails to adequately allege facts in support of any of his claims.  The Magistrate Judge advised Plaintiff of the procedures and requirements for filing objections to the Report and the serious consequences if he failed to do so.  On September 26, 2016, Plaintiff filed objections to the Report.  ECF No. 12.

For reasons set forth below, the court overrules Plaintiff's objections and adopts the Report as supplemented here.  The court, therefore, dismisses the action without prejudice and without issuance and service of process.

## STANDARD

The Magistrate Judge makes only a recommendation to this court.  The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *See Mathews v. Weber*, 423 U.S. 261 (1976).  The court is charged with making a *de novo* determination of any portion of the Report and Recommendation of the Magistrate Judge to which a specific objection is made.  The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions.  *See* 28 U.S.C. § 636(b).  The court reviews only for clear error in the absence of an objection.  *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a

2

de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

## <u>DISCUSSION</u>

As explained in the Report, this is the fifth civil action brought in this court by Plaintiff, Ronald I. Paul ("Paul"), challenging events surrounding a 2002 condemnation of commercial property in which Paul held a leasehold interest.   The complaints in the five actions vary in some respects, but allege nearly identical facts in support of Paul's central allegations: that various individuals involved in the condemnation proceedings conspired to deprive Paul of his constitutional rights to due process, equal protection, jury trial, and to present an expert witness, resulting in the taking of Paul's leasehold property without just compensation.

All prior actions were dismissed without prejudice, the first on Defendants' motion and the remainder *sua sponte* prior to service. *Paul v. De Holczer*, C/A No. 3:15-2178-CMC-PJG, 2015 WL 4545974 (D.S.C. July 28, 2015) ("Paul IV"); *Paul v. S.C. Dep't of Transp.*, C/A No. 3:13-1852-CMC-PJG, 2014 WL 5025815 (D.S.C. Oct. 8, 2014) ("Paul III"); *Paul v. S.C. Dep't. of Transp.*, C/A No. 3:13-367-CMC-PJG, 2013 WL 2180736 (D.S.C. May 20, 2013) ("Paul II"); *Paul v. S.C. Dep't of Transp.*, C/A No. 3:12-1036-CMC-PJG, 2013 WL 461349 (D.S.C. Feb. 6, 2013) ("Paul I").   The most recent two dismissals were summarily affirmed by the Fourth Circuit Court of Appeals.  Paul IV, *aff'd*, 631 F. App'x 197 (4th Cir. 2016); Paul III, *aff'd*, 599 F. App'x 108 (4th Cir. 2015).

3

In light of this history and the detailed nature of the Reports and corresponding Orders in Paul's prior cases, the court overrules Paul's objections to the extent they challenge the Report's failure to set out the reasons for dismissal of repetitive allegations and claims in any greater detail.

Paul is correct in noting that the prior dismissals were without prejudice and, consequently, do not preclude him from filing a new action against the previously named Defendants. That the dismissals were without prejudice does not, however, render them without meaning. The dismissal Orders (and incorporated Reports) in Paul I, Paul II, Paul III, and Paul IV stand as authority for the proposition that the allegations in each of those cases failed for reasons explained in each of those Orders (and Reports). It follows that the prior decisions are on-point authority for dismissal of Paul's present complaint to the extent it merely repeats prior allegations and claims found in his prior complaints. This is particularly true as to Paul III and Paul IV, both of which the Fourth Circuit summarily affirmed "for the reasons stated by the district court." Paul III, *aff'd*, 599 F. App'x 108; Paul IV, *aff'd*, 631 F. App'x 197. Under these circumstances, the Report properly relied on prior rulings as to repetitive allegations and claims.

Specifically, Paul's objections request remand to the Magistrate Judge for specific rulings or ask the district judge to "clearly address and clearly rule on the elements of a civil conspiracy." ECF No. 12 at 5. However, the Magistrate Judge did set out the elements of a civil conspiracy, and found that Paul's conclusory factual allegations did not plausibly set forth a claim for conspiracy. ECF No. 10 at 4-5. This court agrees with the Magistrate Judge and overrules Paul's objection as to this claim.

4

Paul then objects to the Report as he argues that the Magistrate Judge did not address and rule "on Plaintiff's first cause of action seeking a declaratory judgment."  ECF No. 12 at 12. However, as noted above, the Magistrate Judge has previously ruled on Paul's allegations that form the basis for his requested declaratory judgment, and explained her ruling regarding the civil conspiracy (which forms the basis of Paul's declaratory judgment claim) in this Report.  In addition, this court specifically addressed the declaratory judgment claim in its Order in Paul IV, dismissing the claim on two alternative grounds: as it relied on the legal theories advanced in Paul's other claims, or as an unstated contract-based theory.  *See* Paul IV, ECF No. 15.  Paul's current Complaint shows that he intends to rely on his civil conspiracy claim to support a declaratory judgment.  That theory has been considered and ruled upon by this court.  Therefore, the court overrules Paul's objection to the recommended dismissal of his declaratory judgment claim.

Paul also objects to dismissal of his inverse condemnation claim. However named, this claim rests on the same factual allegations as his other claims and has been previously argued and ruled upon, though differently presented, in the previous cases, specifically in Paul IV.  Any claim under the Fifth Amendment Takings Clause has been previously ruled upon and dismissed; therefore, this objection is overruled.

The balance of Paul's additional objections raise arguments regarding claims that have, multiple times, been dismissed.  Contrary to Paul's objections, the Magistrate Judge's Report did address his claims of denial of substantive and procedural due process and denial of equal

5

protection (including his race-based claim).  In addition, these claims have been addressed in previous Orders and Reports.  Therefore, the court finds those objections to be without merit.

Lastly, Paul objects to the Report's recommendation that this court issue an injunction against Paul so that he is unable to file further frivolous and repetitive claims based on the 2002 condemnation action.  Paul argues that his previous lawsuits have been dismissed without prejudice which, although true, does not mean that his suits are not frivolous (as explained above).  This court finds that Paul's "continuous abuse of the judicial process by filing meritless and repetitive actions" constitutes exigent circumstances required to issue a pre-filing injunction. *See Cromer v. Kraft Foods N. Am., Inc.*, 390 F.3d 812, 817 (4th Cir. 2004).  The Report adequately addresses the *Cromer* factors, and this court agrees that they are met.  Further, Paul was notified of the possibility of a pre-filing injunction and filed objections, as noted above, which have been considered by the court.  However, his objection regarding this issue is, in large part, a recitation of his objections regarding his substantive claims and does not provide authority for the proposition that a pre-filing injunction is improper here.

## CONCLUSION

The court adopts the Report as supplemented above and dismisses this action without prejudice.  Based on the foregoing, the court finds imposition of a pre-filing injunction in this District is warranted.

6

Accordingly, the court hereby imposes a pre-filing injunction on Paul's ability to file any new action in this District relating to the subject matter of the following lawsuits, i.e., the condemnation of the property located at 2115 Two Notch Road, Columbia, South Carolina, formerly leased by Paul:

*Paul v. S.C. Dep't of Transp.*, C/A No. 3:16-1727-CMC-PGJ;

*Paul v. De Holczer*, C/A No. 3:15-2178-CMC-PJG;

*Paul v. S.C. Dep't of Transp.*, C/A No. 3:13-1852-CMC-PJG;

*Paul v. S.C. Dep't. of Transp.*, C/A No. 3:13-367-CMC-PJG;

*Paul v. S.C. Dep't of Transp.*, C/A No. 3:12-1036-CMC-PJG.

Before any filings are made in any new civil action, Paul is required to seek permission of the court. This pre-filing injunction does not preclude Paul's ability to file or defend lawsuits in this District unrelated to Paul I-V. The Clerk of Court is directed to enter judgment accordingly.

**IT IS SO ORDERED**.

s/ Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
Senior United States District Judge

Columbia, South Carolina
November 8, 2016

7