IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| RONALD I. PAUL, <br><br> Plaintiff, <br> vs. <br><br> SOUTH CAROLINA DEPARTMENT OF TRANSPORTATIONS; PAUL D. DE HOLCZER, individually and as a partner of the law firm of Moses, Koon & Brackett, PC; MICHAEL H. QUINN, individually and as a senior lawyer of Quinn Law Firm, LLC,; J. CHARLES ORMOND, JR., individually and as a partner of the Law Firm of Holler, Dennis, Corbett, Ormond, Plante & Garner; OSCAR K. RUCKER, in his individual capacity as Director, Rights of Way South Carolina Department of Transportation; MACIE M. GRESHAM, in her individual capacity as Eastern Region Right of Way Program Manager South Carolina Department of Transportation; NATALIE J. MOORE, in her individual capacity as Assistant Chief Counsel, South Carolina Department of Transportation, <br><br> Defendants. | Civil Action No. 3:16-cv-1727-CMC <br><br> **OPINION AND ORDER** |

This matter is before the court on Plaintiff Ronald Paul's amended motion for reconsideration of the judgment pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. ECF Nos. 18 (original motion), 21 (amended motion). The challenged judgment, entered November 8, 2016, was based on the Opinion and Order adopting the Report and Recommendation of the Magistrate Judge dismissing the action without prejudice. ECF Nos. 15 (Opinion and

Order), 16 (Judgment). The Order also imposed a pre-filing injunction in this District on new actions relating to the subject matter of the condemnation of the property located at 2115 Two Notch Road, Columbia, South Carolina, formerly leased by Paul. Plaintiff has also filed two motions for judicial notice (ECF Nos. 20, 25) and a motion for a "copy of the settlement agreement between SCDOT and the Buckles in case 4800, referenced and referred to by the District Judge." ECF No. 19.

For reasons set forth below, the court denies Plaintiff's motion for reconsideration, motions for judicial notice, and motion for settlement agreement.

## **STANDARD**

The Fourth Circuit Court of Appeals has interpreted Rule 59(e) of the Federal Rules of Civil Procedure to allow the court to alter or amend an earlier judgment: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Becker v. Westinghouse Savannah River Co.*, 305 F.3d 284, 290 (4th Cir. 2002) (quoting *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998)). "Rule 59(e) motions may not be used, however, to raise arguments which could have been raised prior to the issuance of judgment, nor may they be used to argue a case under a novel theory that the party had the ability to address in the first instance." *Pac. Ins. Co.*, 148 F.3d at 403. Relief under Rule 59(e) is "an extraordinary remedy which should be used sparingly." *Id.* (internal marks omitted). "Mere disagreement does not support a Rule 59(e) motion." *Becker*, 305 F.3d at 290 (quoting *Hutchinson v. Stanton*, 994 F.2d 1076, 1082 (4th Cir. 1993)).

2

**DISCUSSION**

*A. Motion for Reconsideration*

Plaintiff has filed an initial motion for reconsideration (ECF No. 18) and an amended motion for reconsideration (ECF No. 21). Both argue that ground three applies to his motion for reconsideration: to correct a clear error of law or prevent manifest injustice. In support, Plaintiff offers arguments that merely rehash the contentions in his previous cases and in his objections to the Report (ECF No. 12) in this case.

      i.    Civil Conspiracy Claim

Plaintiff again argues that the Magistrate Judge and District Court failed to "fully explain and clearly address and clearly rule on the elements of a civil conspiracy as set forth in Paul's Complaint (ECF 1), proffered evidence (Paul I-V) and written objections (ECF 12 at.5-12 in argument one (arguments 1-5)) **to prevent and correct a clear error of law, and abuse of discretion**." ECF No. 21 at 8 (emphasis in original). However, contrary to Plaintiff's argument, and as set forth in the Order dismissing this case, this court found that the Magistrate Judge "did set out the elements of a civil conspiracy, and found that Paul's conclusory factual allegations did not plausibly set forth a claim for conspiracy." ECF No. 15 at 4. The court has ruled upon this cause of action and will not revisit it at this stage, as Plaintiff has provided no grounds to do so.

      ii.    Declaratory Judgment

Plaintiff argues that this court failed to address his written objections regarding the declaratory judgment claim and ignored his proffered evidence. This is nearly the identical argument Plaintiff advanced in his objections, which was ruled upon in the court's Order of

3

dismissal. As this argument has been advanced by Plaintiff and ruled upon by this court, and Plaintiff provides no new reason for reevaluation, it will not be reconsidered at this stage.

       iii.     Substantive and Procedural Due Process

Plaintiff relies on *Williamson Cty. Regional Planning Comm'n v. Hamilton Bank of Johnson City*, 473 U.S. 172 (1985) in support of his substantive and procedural due process claims, arguing the "prior Orders and incorporated Reports" are contrary to the holding in that case. Plaintiff does not specify which portion of that case he relies upon. However, that case was brought by a property owner whose claims were found to be premature. Therefore, it is distinguishable from the case at bar. Further, although Plaintiff argues it was a clear error of law to rely on the prior decisions in cases he has brought that were dismissed without prejudice, this court has explained multiple times that prior decisions are "on-point authority for dismissal of Paul's present complaint to the extent it merely repeats prior allegations and claims found in his prior complaints." ECF No. 15 at 4. The cases cited by Plaintiff in support of this contention state that a dismissal without prejudice "permits a plaintiff to refile a complaint as if it had never been filed." ECF No. 21 at 15 (citing, e.g., *Mendez v. Elliott*, 45 F.3d 75, 78 (4th Cir. 1995)). However, a dismissal, even without prejudice, may suggest the underlying facts of the case do not rise to the level of being actionable at law. The court performed a de novo review of the Magistrate Judge's Report and agreed with her assessment of the claims, many of which were recitations of facts and claims previously pled. The court does not find any clear error of law that would merit reconsideration.

4

      iv.    Equal Protection and Inverse Condemnation

Plaintiff's arguments in favor of reconsideration for substantive and procedural due process are repeated here, nearly verbatim. For the reasons stated above, the court will not reconsider these claims.

      v.    Summary Dismissal

Plaintiff advances several arguments why his complaint is not subject to summary dismissal. However, none of these is a new argument: all were considered and ruled upon by both the Magistrate Judge and the District Court. The Magistrate Judge explained the process for summary dismissal and found that Plaintiff's complaint was subject to it, and the District Court agreed. In addition, the Fourth Circuit affirmed summary dismissals in two of Plaintiff's previous cases. *Paul v. De Holczer*, C/A No. 3:15-2178-CMC-PJG, 2015 WL 4545974 (D.S.C. July 28, 2015), *aff'd* 631 F. App'x 197 ("Paul IV"); *Paul v. S.C. Dep't of Transp.*, C/A No. 3:13-1852-CMC-PJG, 2014 WL 5025815 (D.S.C. Oct. 8, 2014), *aff'd*, 599 F. App'x 108 ("Paul III"). Although Plaintiff argues there are "compelling reasons of fairness and efficiency for disallowing sua sponte dismissals on the merits entered without notice and an opportunity to respond," that is not what happened in his case. The Magistrate Judge's Report offered notice and a time period for Plaintiff to respond; in fact, Plaintiff did file objections and thus respond to the notice. Plaintiff's arguments are unavailing and the court finds no grounds for reconsideration.

      vi.    Injunction

Finally, Plaintiff argues that a pre-filing injunction is not necessary as the court could dismiss the case with prejudice, and thereby bar Plaintiff from refiling his complaint. Further,

5

Plaintiff contends that the *Cromer* factors were not considered at all by the District Judge. However, the Order specifically noted that the Magistrate Judge's Report adequately addressed the *Cromer* factors, and the court agreed they were met. ECF No. 15 at 6. The court further agreed that a pre-filing injunction was therefore appropriate. Plaintiff has not submitted a ground for altering that judgment.

### B. *Motion for Settlement Agreement*

The settlement agreement Plaintiff requests is between one party before the court and another party not before the court. In addition, the Order which references that agreement is not in the current action, but a 2013 action filed by Plaintiff. The Order in the current action does not reference this agreement, and no agreement was filed or referenced in this 2016 action. Plaintiff's motion (ECF No. 19) is denied.

### C. *Motions to Take Judicial Notice*

In these motions (ECF Nos. 20, 25), Plaintiff requests the court take judicial notice of the transcript of a state court hearing regarding the condemnation action, "that it's well-settled law, that South Carolina provides for a twostep process to fix valuation in eminent domain proceedings," (ECF No. 20), and that the court take judicial notice of the legal condemnation notice and "hand written order of judgment in case 4800" (the state court case) (ECF No. 25).

This court may take judicial notice of other judicial proceedings. *See United States v. Parker*, 956 F.2d 169, 171 (8th Cir. 1992) (district court may take judicial notice of a prior related proceeding); *Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'"). However,

6

while Plaintiff couches his motions as those for judicial notice of facts, he in fact advances legal arguments regarding the condemnation proceeding itself.  For example, in ECF No. 25, Plaintiff requests judicial notice of a legal condemnation notice.  He then argues the purported importance of this material:

> it demonstrates a plausibly claim for conspiracy (cover-up).  Plaintiff seeks judicial notice of facts – the fact presented demonstrates a plausibly claim of a conspiracy (cover-up), because the hand written 'order or judgment' is false, - that can be readily determined from sources (Court Records) whose accuracy cannot reasonably be questioned.

ECF No. 25 at 4.  In short, Plaintiff uses these motions to advance legal theories that have been ruled upon and are not properly raised in a motion for judicial notice.  Therefore, these motions are denied.

## CONCLUSION

Plaintiff has presented no proper basis for his motion to alter or amend judgment under Fed. R. Civ. Pro. 59(e).  Plaintiff's motions for reconsideration, settlement agreement, and judicial notice are **denied**.

**IT IS SO ORDERED**.

s/ Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
Senior United States District Judge

Columbia, South Carolina
January 11, 2017

7